# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF ALABAMA
# NORTHERN DIVISION

| | |
|---|---|
| **RAYMOND BOSARGE, et al.**<br><br>　　Plaintiffs,<br><br>v.<br><br>**UNITED STATES DEPARTMENT OF THE TREASURY, et al.**<br><br>　　Defendants. | Case No. 2:22-CV-00407 |

### NON-FEDERAL DEFENDANTS' JOINT MOTION TO DISMISS PURSUANT TO RULE 41(B) OR, IN THE ALTERNATIVE, TO RULE 4(M)

## I.   INTRODUCTION

Plaintiffs filed their Complaint in this case—seeking an injunction against the long-planned construction of two men's prisons—*the day before* the bonds to finance those prisons were due to close. As demonstrated below, the merits of that Complaint were weak the day it was filed. And as demonstrated by the Plaintiffs' own conduct, the merits of the complaint have not gotten any better with the passage of time: In the five-plus months since filing their Complaint, Plaintiffs have done nothing to prosecute their weak claims. There is no evidence Plaintiffs have even attempted service on the two defendants most essential to their claims, the U.S. Department of the Treasury and the Treasury Secretary.

Due to the timing of their Complaint, the weakness of its claims, and Plaintiffs' failure to prosecute or even serve their Complaint, the Non-Federal Defendants[1] respectfully request that this Court dismiss Plaintiffs' Complaint for Declaratory and Injunctive Relief (Doc. 1, "Complaint") with prejudice pursuant to Federal Rule of Civil Procedure Rule 41(b) for failure to prosecute or, in the alterative, without prejudice pursuant to Rule 4(m), and for any other relief the Court deems appropriate under the circumstances. In support of this motion, Non-Federal Defendants state as follows:

## II.   THE CIRCUMSTANCES AND TIMING OF THE COMPLAINT

1. ACIFA, pursuant to its authority under Ala. Code § 14-2-12, issued bonds to fund correctional facilities in Elmore and Escambia Counties. These bonds were intended to supplement federal funds provided under the American Rescue Plan Act ("ARPA") and allocated to the construction of these facilities. The bonds priced and were sold on June 28, 2022 and were issued (i.e., closed) on July 12, 2022.

2. ACIFA's bond sale was part of a long-term plan by the State of Alabama to replace aging prisons with new, modern prison facilities to improve conditions for inmates and correctional staff. For example, the legislation enabling

---

[1] A listing of the non-federal defendants is included in the signature block on page 8-9. Aside from those listed defendants, the only other non-federal defendant named in the complaint is W.S. Newell & Sons, Inc. ("Newell"). The undersigned counsel does not yet know who will be representing Newell in this action.

the financing and building of these prisons was passed in Special Session on October 1, 2021. *See* Act No. 2021-546. The allocation of ARPA funds for prison construction was also approved that same day. *See* Act No. 2021-547.

3. Just prior to the bond closing, and nearly nine months after prison construction was approved and ARPA funds allocated by the legislature, three complaints were filed by inmates challenging Alabama's use of ARPA funds. First, on June 27, 2022, the day before the bonds were to be priced and sold, an Alabama inmate filed a complaint in intervention in *Braggs v. Hamm*, No. 2:14cv601 ("*Braggs*"), pending in the Middle District of Alabama. The inmate claimed to have a priority over the ARPA funds. *Braggs*, Docs. 3633, 3634. On October 17, 2022, the court denied the inmate's motion for leave to intervene. *Braggs,* Doc. 3824.

4. On the day that the *Braggs* complaint in intervention was filed, ADOC and ACIFA's attorneys received an email (Ex. A) from an employee of Justice Capital, an investment fund that aims to "enhance[] public health and safety to grow thriving Black, Brown, and systems impacted communities." *See* "Justice Capital: Who We Are," *available at* https://justice.capital/. The email said:

> As I'm sure you are aware, a motion to intervene was filed this morning in the Braggs case . . . asserting that implementation of the remedial order should have priority over lease payment and debt servicing for the proposed prison construction plan. Judge Myron Thompson set a very expedited briefing schedule, requiring Defendants to respond no later than July 5th. We view this as a material risk even to your $725 million [ACIFA] deal scheduled to

price tomorrow morning. Security for these bonds could be undermined and should, most definitely, be disclosed to potential investors. We urge you to disclose the motion to intervene, complaint, and order by Judge Thompson. At the very least, we believe you must sticker this deal to alert investors of material litigation and/or judicial rulings to be issued in the immediate future that could detract from the credit quality of this deal.

5. The day before the scheduled bond closing, two other lawsuits were initiated in this District. On July 11, 2022, Alabama inmates sued the U.S. Department of Treasury ("Treasury"), claiming that Alabama had misappropriated ARPA funds and asking this Court to enjoin construction of the facilities. *Kincaid v. U.S. Dept. of the Treasury*, No. 2:22-CV-00409 ("*Kincaid*"). Upon information and belief, the defendants in *Kincaid* were never served. On November 28, 2022, the court ordered the plaintiffs to show cause why the *Kincaid* case should not be dismissed for failure to prosecute. Doc. 7. The plaintiffs voluntarily dismissed their complaint two days later. Doc. 8.

6. On the same day that the *Kincaid* complaint was filed, the same individual from Justice Capital sent an email to ADOC and ACIFA's attorneys. (Ex. B). The email said, among other things:

> Please see an additional suit filed moments ago.
>
> . . . .
>
> We view this additional suit as another material risk to the $509 million [ACIFA] that priced on June 28th [sic]. We believe security for the aforementioned bonds would be

> jeopardized in the event of an adverse ruling and recommend you as bond counsel disclose the existence of the lawsuit to existing investors. Further, given the material nature of the legal actions filed today, we would expect a delay in the settlement of bonds scheduled for tomorrow, July 12th.

7. This case was also filed on the same day as *Kincaid*—the day before the scheduled bond closing. On the day that the Complaint in this case was filed, the same individual from Justice Capital sent an email to ADOC and ACIFA's attorneys, attaching the Complaint. (Ex. C). The email said:

> We view this [lawsuit] as a material risk to your $509 million [ACIFA] that priced on June 28th [sic] and which is set to settle tomorrow, Tuesday, July 12th. We believe security for the aforementioned bonds would be jeopardized in the event of an adverse ruling and recommend you as bond trustee disclose the existence of the lawsuit to existing investors.

### III. PLAINTIFFS' WEAK CLAIMS

8. Plaintiffs in this case seek to enjoin the construction of the Elmore County and Escambia County facilities, based on a wholly incorrect theory that future construction of the facilities constitutes a "major federal action" under the National Environmental Protection Act ("NEPA") requiring the preparation of an environmental impact statement. Plaintiffs' theory is incorrect for at least three reasons. First, Treasury's disbursement of funds was non-discretionary. ARPA generally requires the Treasury to disburse funds to a State upon the State's

certification. 42 U.S.C. § 802(b)(6), (d)(1). Non-discretionary activities done in accordance with an agency's statutory authority do not constitute "major federal actions." 40 C.F.R. § 1508.1(q)(1)(ii). Second, as Plaintiffs concede, the funds were disbursed for the purpose of replacing general revenues lost by the State of Alabama during the COVID-19 public health emergency. *See* Compl. ¶ 16 (describing the funds at issue as "covering 'lost revenue'"). Funding assistance "in the form of general revenue sharing funds with no Federal agency control over the subsequent use of such funds" is not a 'major federal action." § 1508.1(q)(1)(v). Finally, the project is not a "major federal action" because Treasury lacks control over or responsibility for the construction of the facilities. § 1508.1(q)(1)(vi). For all these reasons, NEPA does not apply.

9. Besides failing on the merits, the bulk of the Complaint is barred by the Constitution. The Eleventh Amendment bars Plaintiffs' claims against ADOC, and the Complaint does not allege any facts that would support Article III standing against the individual defendants either in their capacities as members of officers of ACIFA or in their capacities as State officials. Additionally, because the only injuries Plaintiffs assert with regard to the Escambia facility are dubious aesthetic harms, it is doubtful that Plaintiffs have stated an Article III injury that would support injunctive relief as it pertains to that facility.

## IV. PLAINTIFFS' FAILURE TO SERVE THEIR COMPLAINT OR PROSECUTE THEIR CLAIMS

10. On August 10, 2022, in an effort to streamline the proceedings, the Non-Federal Defendants asked this Court to set a deadline for all party responses to be due 60 days from the date Plaintiffs effected service on the U.S. Department of Treasury and Treasury Secretary Janet L. Yellen (the "Federal Defendants"). Doc. 5. The Non-Federal Defendants agreed to waive service if this Court granted the motion. *Id.* at ¶ 4. On August 22, 2022, this Court granted the motion, thereby making the Non-Federal Defendants' responses due 60 days from the date the Federal Defendants were served. No activity has since occurred in this case.

11. Upon information and belief, Plaintiffs have not served the Federal Defendants, and no proof of service has been entered on the docket. *See* FED. R. CIV. P. 4(*l*)(1).

12. Under Rule 4(m), a plaintiff generally has 90 days to serve a defendant from the day he files a complaint.

13. Rule 41(b) permits a court to dismiss a complaint with prejudice if a plaintiff "fails to prosecute or to comply" with the Federal Rules of Civil Procedure.

14. Courts have dismissed actions under Rule 41(b) for failure to serve process in accordance in accordance with Rule 4(m). *See Green v. Woodall*, No. 1:17-CV-00083, 2018 WL 3572390, at *1 (M.D. Tenn. July 25, 2018). Plaintiffs

have taken no action in five months, much less served any of the Defendants. Their failure to prosecute warrants dismissal with prejudice under Rule 41(b).

15. In the alternative, this Court should dismiss under Rule 4(m). Rule 4(m) provides that "[i]f a defendant is not served within 90 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specified time."

16. The Non-Federal Defendants have standing to seek dismissal under Rule 4(m) because their continued participation in this case is inextricably linked to Plaintiffs' service of process upon the Federal Defendants. Even though the Non-Federal Defendants waived service, that waiver was based upon this Court setting a response deadline that was tied to the date of service upon the Federal Defendants. *See* Doc. 5 at ¶ 4. If the Plaintiffs never serve the Federal Defendants, the Non-Federal Defendants will never be required to respond.

17. Even if the Non-Federal Defendants lacked standing, however, Rule 4(m) requires this Court to "on its own" either dismiss the Complaint as to the Federal Defendants or order service upon them within a specified time. A dismissal of the Federal Defendants would essentially operate as a dismissal of the Non-Federal Defendants, because the Non-Federal Defendants' deadline to respond is contingent upon service upon the Federal Defendants.

## V. CONCLUSION

For the foregoing reasons, the Non-Federal Defendants request that the Court dismiss this action with prejudice under Rule 41(b) or, in the alternative, dismiss this action without prejudice under Rule 4(m), and order such further relief as the Court deems appropriate.

Respectfully submitted this the 21st day of December 2022.

*/s/ Christopher J. Williams*
Christopher J. Williams
Maynard Cooper & Gale, P.C.
1901 Sixth Avenue North
Suite 1700
Birmingham, AL 35203
cwilliams@maynardcooper.com

Counsel for Defendants:

Alabama Department of Corrections; Alabama Corrections Institution Finance Authority; Kay E. Ivey, in her capacity as ACIFA Member and President and Governor; John Q. Hamm, in his capacity as ACIFA Member and Vice-President and ADOC Commissioner; Bill Poole, in his capacity as ACIFA Member and Secretary and State Director of Finance; Steve Clouse, in his capacity as ACIFA Member and Chair of the Alabama House Ways and Means General Fund Committee; Greg Albritton, in his capacity as ACIFA Member and Chair of the Alabama Senate Finance and Taxation General Fund Committee; Bobby Singleton, in his capacity as ACIFA Member and Alabama Joint Appointee House Minority Leader and Senate Minority Leader; Cam Ward, in his capacity as ACIFA Member and Director of the Alabama Bureau of Pardons and Paroles; Young Boozer, in his capacity as ACIFA Treasurer and Treasurer of the State of Alabama

*/s/ George R. Parker*
George R. Parker
Bradley Arant Boult Cummings
RSA Dexter Avenue Building
445 Dexter Avenue
Suite 9075
Montgomery, AL 36104
gparker@bradley.com

Counsel for Defendant:
Caddell Construction Co. (DE), LLC

## **CERTIFICATE OF SERVICE**

      I hereby certify that I have this date electronically filed the foregoing with the Clerk of Court using the CM/ECF system which will send notification of such filing to all counsel of record on this the 21st day of December 2022.

                                            */s/ Christopher J. Williams*
                                            OF COUNSEL

# EXHIBIT A



**From:** Eric Glass <eric.glass@justice.capital>
**Date:** June 27, 2022 at 7:04:34 PM EDT
**To:** ksteely@maynardcooper.com, rvaden@maynardcooper.com, lbutler@maynardcooper.com, rdorr@maynardcooper.com, aprince@maynardcooper.com, kwebster@maynardcooper.com, srogers@maynardcooper.com, blunsford@maynardcooper.com, CMcLain@maynardcooper.com, eklein@maynardcooper.com
**Cc:** Ted Hynes <Ted.Hynes@raymondjames.com>, richard.fusco@wellsfargo.com, adam.ward@stephens.com, john@fralan.com
**Subject: Alabama Corrections Institutions Finance Authority $725 million bond deal**

All,

As I'm sure you are aware, a motion to intervene was filed this morning in the Braggs case (Case No. 2:14-cv-00601) asserting that implementation of the remedial order should have priority over lease payment and debt servicing for the proposed prison construction plan. Judge Myron Thompson set a very expedited briefing schedule, requiring Defendants to respond no later than July 5th. We view this as a material risk event to your $725 million Alabama Corrections Institution Finance Authority deal scheduled to price tomorrow morning. Security for these bonds could be undermined and should, most definitely, be disclosed to potential investors.

We urge you to disclose the motion to intervene, complaint, and order by Judge Thompson. At the very least, we believe you must sticker this deal to alert

investors of material litigation and/or judicial rulings to be issued in the immediate future that could detract from the credit quality of this deal.

Eric Glass
Justice Capital



# EXHIBIT B



**From:** Eric Glass <eric.glass@justice.capital>
**Date:** July 11, 2022 at 6:12:25 PM CDT
**To:** ksteely@maynardcooper.com, rvaden@maynardcooper.com, lbutler@maynardcooper.com, rdorr@maynardcooper.com, aprince@maynardcooper.com, kwebster@maynardcooper.com, srogers@maynardcooper.com, blunsford@maynardcooper.com, CMcLain@maynardcooper.com, eklein@maynardcooper.com
**Cc:** ted.hynes@raymondjames.com, richard.fusco@wellsfargo.com, Adam.Ward@stephens.com, John Mazyck <john@fralan.com>
**Subject: Re: Alabama Corrections Institutions Finance Authority $725 million bond deal**

Please see an additional suit filed moments ago.

**Department of the Treasury Sued for Failing to Intervene in Alabama's Misappropriation of COVID-19 Relief Funds for Prison Construction**

On Monday, a lawsuit against the U.S. Department of the Treasury was filed in the Middle District of Alabama on Monday on behalf of **66 people who are incarcerated in Fountain and Elmore prisons.** The lawsuit alleges that, in dispensing American Rescue Plan (ARP) funds, the Treasury is bound by the purpose of the ARP. The Treasury itself has interpreted the ARP to mean that prison construction, even when undertaken for the purpose of reducing COVID-19 spread, is a "generally ineligible" use of funds. See U.S. Department of the Treasury, *Coronavirus State & Local Fiscal Recovery Funds: Overview of the Final Rule*, 31 (Jan. 2022). Nonetheless, Alabama has allocated $400 million in ARP funds to the construction of new prisons. The plaintiffs argue that this allocation to the Alabama Department of Corrections could be used to provide healthcare services that would reduce the impact of the pandemic,

1

which has been extreme in prisons throughout the country, as well as to address current unconstitutional prison conditions over which the Department of Justice has sued the state. Instead, the Treasury has chosen to remain silent as Alabama defies the purpose of ARP by misappropriating approximately 20% of funds granted to Alabama (and nearly 80% of the funds allocated for pandemic-related revenue loss) for prison construction. Each of the plaintiffs have suffered and will suffer the consequences of reduced vocational training and education, along with the inaccessibility of mental and medical health care due to staffing shortages.

Additionally, Alabama has chosen to entirely forgo the required bid process for state construction projects, reasoning that this project is the same as Alabama's prior failed plan to build privately-owned facilities. In fact, the current plan requires entirely different funding and ownership. However, the argument advanced by Alabama legislators in favor of the plan, cited in the complaint, further makes clear that the new project is not related to revenue lost due to the pandemic.

We view this additional suit as another material risk event to the $509 million Alabama Corrections Institution Finance Authority that priced on June 28th. We believe security for the aforementioned bonds would be jeopardized in the event of an adverse ruling and recommend you as bond counsel disclose the existence of the lawsuit to existing investors.

Further, given the material nature of the legal actions filed today, we would expect a delay in the settlement of bonds scheduled for tomorrow, July 12th.

Eric Glass
Justice Capital

# EXHIBIT C



**From:** Eric Glass <eric.glass@justice.capital>
**Sent:** Monday, July 11, 2022 2:28 PM
**To:** ksteely@maynardcooper.com; rvaden@maynardcooper.com; lbutler@maynardcooper.com; rdorr@maynardcooper.com; aprince@maynardcooper.com; kwebster@maynardcooper.com; srogers@maynardcooper.com; blunsford@maynardcooper.com; CMcLain@maynardcooper.com; eklein@maynardcooper.com
**Cc:** Ted Hynes <Ted.Hynes@RaymondJames.com>; richard.fusco@wellsfargo.com; adam.ward@stephens.com; john@fralan.com
**Subject:** Re: Alabama Corrections Institutions Finance Authority $725 million bond deal

Please see the attached suit - Charest et al v U.S. Dept of Treasury et al (Case Number: 2:22-cv-00407).

We view this as a material risk event to your $509 million Alabama Corrections Institution Finance Authority that priced on June 28th and which is set to settle tomorrow, Tuesday, July 12th. We believe security for the aforementioned bonds would be jeopardized in the event of an adverse ruling and recommend you as bond trustee disclose the existence of the lawsuit to existing investors.

Eric Glass
Justice Capital



2